## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

KEVIN RAY PEARCY,                                                                    PLAINTIFF
ADC #146408

v.                                      No. 5:13CV00309 JLH/JTR

JAMES BANKS, Warden; and
CURTIS MEINZER, Deputy Warden,
Varner Unit, Arkansas Department of Correction
DEFENDANTS

## OPINION AND ORDER

On August 27, 2012, Kevin Ray Pearcy was stabbed several times by Ashley Kaufman while both men were prisoners in the Varner Unit of the Arkansas Department of Correction. Pearcy has filed this *pro se* § 1983 alleging that Warden James Banks and Deputy Warden Curtis Meinzer violated his constitutional rights by failing to prevent that attack. Document #2. Specifically, Pearcy claims that two or three days prior to the attack, Banks and Meinzer wrongfully moved Kaufman from isolation at the Varner Super Max to general population at the Varner Unit, despite the fact that he had previously murdered his cellmate in a county jail. *Id.*

Defendants have filed a motion for summary judgment on the issue of exhaustion, and Pearcy has filed a response. Documents #11, #12, #13, #17, & #18. For the following reasons, defendants' motion for summary judgment is granted.

## I.

A court should enter summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). The moving party bears the initial responsibility of

demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).  If the moving party meets this burden, the nonmoving party must respond by coming forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). In deciding a motion for summary judgment, a court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor.  *PHL Variable Ins. Co. v. Fulbright McNeill, Inc*., 519 F.3d 825, 828 (8th Cir. 2008). A genuine dispute exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party.  *Anderson,* 477 U.S. at 249, 106 S. Ct. at 2511. When a nonmoving party cannot make an adequate showing sufficient to establish a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 322–23, 106 S. Ct. at 2552.

## II.

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219, 127 S. Ct. 910, 923, 166 L. Ed. 2d 798 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 88-91, 126 S. Ct. 2378, 2384-86, 165 L. Ed. 2d 368 (2006).

The PLRA requires that inmates: (1) fully and properly exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).  The Supreme Court has explained that: "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90-91.  Thus, to satisfy the PLRA, a prisoner must fully comply with the specific procedural requirements of the incarcerating facility. *Id.*

Fully exhausting administrative remedies within the ADC requires a prisoner to file: (1)  an informal resolution within 15 days of the incident; (2) a grievance with the Warden if the attempt at informal resolution is unsuccessful; and (3) an appeal to the ADC Deputy/Assistant Director if the Warden's decision is unfavorable.  Document #12-1 (ADC Adm. Dir. 12-16 § IV(E) through (G) (May 28, 2012)).

On July 30, 2013, Pearcy filed grievance VU-13-891 alleging, for the first time, that defendants were responsible for the August 27, 2012 attack because they wrongfully moved Kaufman to general population despite the fact that he had previously murdered his cellmate.[1]  Document #12-5.  It is undisputed that ADC officials rejected that grievance, without addressing the merits, because it was filed 337 days after the attack instead of within 15 days of the incident, as required by the

---

[1] On June 21, 2013, Pearcy filed grievance VU-13-735 alleging that Captain Stephens, who is not a defendant in this lawsuit, caused Kaufman's attack by wrongfully telling Varner Unit prisoners that Pearcy was a snitch. Document #12-4.  That grievance, which was also rejected as being untimely filed, is irrelevant because it did not raise the claim that Pearcy is pursuing against Banks and Meinzer in this lawsuit.

ADC's exhaustion policy. *Id.*  Thus, Pearcy did not properly exhaust his administrative remedies regarding the failure to protect claim he is raising in this lawsuit.

Pearcy argues that his procedural default should be excused because he spent an unspecified amount of time in the infirmary, and thus, was physically unable to timely exhaust his administrative remedies. *Docs. 17 & 18.*  Similarly, Pearcy contends that he first learned of Kaufman's violent history sometime in May of 2013, and thus, he was not aware that he had an issue to grieve until well after the 15 day deadline. *Id.*

Pearcy's arguments are unpersuasive for two reasons.  First, Pearcy has not clarified when he was released from the infirmary or when he learned that Kaufman had previously killed his cellmate.  Without that information, it is impossible to determine whether Pearcy filed grievance VU-13-891 within fifteen days of his release from the infirmary and/or discovery of Kaufman's violent history.  More importantly, Pearcy did not raise either argument during the ADC administrative process by appealing the rejection of grievance VU-13-981 as being untimely filed.  As previously explained, one of the purposes of the exhaustion requirement is to give ADC officials the first opportunity to correct any errors and address the merits of a prisoner's claims.  *Jones,* 549 U.S. at 219.  By failing to appeal the rejection of grievance VU-13-891, Pearcy deprived the ADC of the first opportunity to correct any timeliness errors that may have been caused by his hospitalization or late discovery of Kaufman's violent history, and address the merits of his failure to protect claims. Because Pearcy failed to exhaust his administrative remedies, his claims against Banks and Meizner must be dismissed without prejudice. *See Jones*, 549 U.S. at 211, 127 S. Ct. at 918-19 (emphasizing that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

**CONCLUSION**

For the reasons stated above, defendants' motion for summary judgment is GRANTED. Document #11.  Pearcy's complaint is dismissed without prejudice.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Opinion and Order would not be taken in good faith.

IT IS SO ORDERED this 14th day of February, 2014.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE